UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO LEON,

Plaintiff,

v.

CITY OF BAKERSFIELD, et al.,

Defendants.

No. 1:26-cv-05309-SAB

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE

(ECF No. 6)

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. On July 27, 2026, Plaintiff filed a motion for appointment of counsel. (ECF No. 6.)

With regard to Plaintiff's request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, a court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, the Court has yet to screen Plaintiff's complaint and cannot make any determination of the likelihood of success. In addition, a cursory review of Plaintiff's filings to date reflect that Plaintiff is able to articulate his claims and adequately litigate this action. Accordingly, having considered the factors under Palmer, the Court finds that Plaintiff fails to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time, and therefore, Plaintiff's motion for appointment of counsel (ECF No. 6) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge